GLD-039                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3468
_____

CHARLES R. BROWN,
                              Appellant

v.

SUPT. GERALD ROZUM;
MARLENE ENEDY, ICN

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 11-cv-00176)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 10, 2011

Before:  FUENTES, GREENAWAY, JR. and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 29, 2011 )

_____

OPINION
_____

PER CURIAM

1

Charles Brown appeals the District Court's order dismissing his complaint for failure to state a claim. For the reasons below, we will summarily affirm the District Court's judgment.

In his complaint, Brown claimed he was exposed to tuberculosis ("TB") while incarcerated and that the Department of Corrections failed to provide him a safe environment. The Magistrate Judge issued a Report and Recommendation in which he concluded that Brown had failed to state a claim of deliberate indifference to his serious medical needs. The Magistrate Judge noted that the Department of Corrections had a screening procedure that detected Brown's infection and that he was provided treatment. He gave Brown fourteen days to amend his complaint.

Brown then filed a motion to amend his complaint. He claimed that he had alleged in his original complaint that a nurse did not provide him treatment after he allegedly went on a hunger strike.[1] In a memorandum of law submitted with the motion to amend the complaint, Brown asserted that he tested positive for TB in November 2010 and received treatment in December 2010. He stated that in April 2011, prison officials accused him of participating in a hunger strike and refusing treatment; Brown, however, maintained that he had not received his medication prior to the hunger strike. Brown

---

[1] In an affidavit at the end of exhibits attached to the complaint, Brown had asserted that he asked the Infection Control Nurse ("ICN") about his medication and was told that the policy stated that he could not be given the medication because he was not eating. Brown stated that he responded that he had been eating for two months and again questioned why he was not receiving his medication. He stated that the ICN walked away without

filed exhibits in support of his motion to amend including his grievances and prison officials' responses.

The Magistrate Judge issued an order denying the motion to amend because Brown had already been ordered to file an amended complaint. He concluded that the exhibits Brown submitted were inadequate as an amended complaint because Fed. R. Civ. P. 8 requires a short plain statement of the claim. The District Court believed that Brown had not filed an amended complaint. It adopted the Report and Recommendation and dismissed Brown's complaint for failure to state a claim without prejudice to proceeding in state court. Neither the Magistrate Judge nor the District Court addressed Brown's claim that he had been denied his TB medication. Brown then filed a motion for reconsideration which was docketed as a supplement to his complaint. He asserted that his memorandum of law contained a short plain statement of his claim.[2] He then filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. In order to state a claim under the Eighth Amendment for denial of medical care, Brown must show that the defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference can be shown by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment

---

replying.

[2] Because we conclude that Brown has failed to state a claim, we will not remand the matter for the District Court to address the motion for reconsideration.

3

once prescribed." Id. at 104-05. A medical need is serious if it is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). In Monmouth County, we set forth several ways in which deliberate indifference to inmates' medical needs could be manifested including delay of necessary medical treatment for non-medical reasons. Id. at 346-47. In order to state a claim, a plaintiff must make sufficient factual allegations to allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). It is not enough for a plaintiff to offer only conclusory allegations or a simple recital of the elements of a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In his original complaint, Brown alleged that he contracted TB because the Department of Corrections failed to provide him with a safe environment. According to Brown's submissions, the Department annually screens and treats inmates and staff. Brown also asserted that the Department has a policy of isolating contagious inmates. We agree with the District Court that Brown has not alleged any facts which support a claim of deliberate indifference based on his infection. He has alleged no actions or inactions or statements on the part of the defendants such that we could reasonably infer that they are liable.

4

We disagree with the District Court that Brown failed to articulate any claims in his amended complaint. In his motion to amend and his memorandum of law, Brown plainly stated that he was denied medication to treat his TB. However, we will affirm the dismissal of the complaint on the grounds that Brown has not made sufficient allegations of deliberate indifference on the part of the defendants.

According to the response to one of Brown's grievances, he participated in a hunger strike in April 2011 and refused his medication. He was counseled by the Infection Control Nurse about his refusal. When he continued to refuse the medication, it was discontinued. Brown wrote to a prison doctor and asked why his condition was not being taken seriously. The doctor responded:

> You have refused 3x [three times] in the past when treatment was offered - by protocol after two refusals there is no further opportunity for treatment. We take this very seriously but apparently you do not or you would have finished treatment on one of the other occasions.

Brown also complained at a 90-day disciplinary confinement review that he was not receiving his medication. The Program Review Committee noted that Brown refused his medication twice and that he would be reviewed for INH[3] at his yearly medical review. In an affidavit, Brown asserted that he was seen in the medical department on July 25, 2011. A medical employee stated, "You want your INH or what?" Brown responded,

---

[3] According to the documents Brown submitted, INH is a medication used to prevent a TB infection from becoming active TB disease.

5

"when this litigation settles I will not confirm nor deny medication." Thus, Brown was offered the medication and again refused it.

According to Brown's own submissions, the defendants offered him medication to treat his TB and he refused it. In his affidavit, he acknowledged that the medical department had again offered him the medication and he again refused. Brown has failed to state a claim that the defendants were deliberately indifferent to his TB infection. He has not been denied his medication; he has refused it. As for his claim that he was denied medication before the hunger strike, he has not alleged any specific denials or facts demonstrating that the defendants acted with deliberate indifference. His conclusory allegations that the defendants were deliberately indifferent are insufficient. Twombly, 550 U.S. at 555.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6. Brown's motions for the appointment of counsel are denied.